Jacob Markowitz, J.
Petitioner, trustee under a trust indenture executed January 1, 1927, applies herein for judicial settlement of its second intermediate account. The settlor’s son, beneficiary of the trust, and the son’s daughter, presumptive remainderman thereunder, object to so much of the account as determines the amount of commissions payable to the trustee.
The original trust indenture contains no provision regulating the amount of commissions payable to the trustee. The objections raised herein are based on an agreement executed by the trustee and the settlor in February, 1927, shortly after the original trust indenture was executed. The February, 1927 agreement provided, in part, “ That the Trustee shall receive for its compensation for services as Trustee the commissions now allowed by statute of the State of New York ”. This agreement further provided that the trustee could deduct, at that time, one half of its commissions for receiving the principal of the trust, and contained provisions for the valuation of additional securities being contributed by the settlor. In 1951, at the time of the trustee’s first intermediate accounting, the settlor approved payment of commissions to the trustee at the then prevailing statutory rates, with full knowledge of the situation.
Based upon the February, 1927 instrument, the objectants argue that the trustee’s commissions are restricted to those prescribed by the then 1927 statute. The trustee contends that it is entitled to commissions at the rates currently provided for by statute (1) by virtue of the consent and approval of the 1951 account, which supersedes the February, 1927 agreement, and (2) by virtue of lack of any provision in the original trust indenture. Either the settlor had the power to change the commissions payable to the trustee from those payable under the trust indenture or she did not. If she had such power (cf. Matter of Carter, 13 Misc 2d 1040; Matter of Harmon, 5 Misc 2d 308; 1 Bogert, Trusts and Trustees, § 42, p. 271), this power continued past the date of the execution of the February, 1927 agreement.
Thus, any argument that the February, 1927 agreement, was indicative of the settlor’s intention at the time of execution <of the original trust indenture would fail in the light of the 1951 agreement. At the least, these two acts offset each other. Accordingly, the February, 1927 agreement cannot in any manner affect the present accounting.
*860 In the cases last cited, it appears that the settlor had no power to alter the terms of an original trust absent consent of the beneficiaries. In either event, this court is then left with a search for what “ the intention of the trust deed itself, either expressly or by implication, declares ” (Central Union Trust Co. v. Trimble, 255 N. Y 88, 93). By its failure to provide to the contrary, it is beyond dispute that pursuant to the original trust indenture the trustee was to receive commissions at rates set by the Legislature at the time of an accounting (Matter of Knowles, 101 N. Y. S. 2d 601). This intendment of the parties is further supported iby the language in the letter from the trustee to the settlor which was approved and signed by the settlor at the time of the first accounting. It was therein stated that commissions were to be paid as “ provided for in the original agreement and as augmented from time to time by the legislature ’ ’.
As the original trust agreement did not contain any language as to commissions, there is no occasion for the court to interpret the meaning of the words “ now allowed by statute ” contained in the February, 1927 agreement. In the supplemental report of September 13, 1962, the sjiecial guardian for the infant contingent remainderman under the trust consents to the trustee’s retention of commissions at present statutory rates.
Accordingly, the application for settlement of the account is granted and the fees and disbursements fixed in the amounts requested.